UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NAUTILUS, INC., a Washington corporation,

Plaintiff,

v.

GATELY'S LLC, a Colorado limited liability company,,

Defendant.

Case No. C06-5665 FDB

ORDER GRANTING MOTION TO DISMISS FOR IMPROPER VENUE

This matter comes before the Court on motion of Defendant Gately's LLC to dismiss pursuant to Fed. R. Civ. P 12(b)(3) for improper venue. After reviewing all materials submitted by the parties and relied upon for authority, the Court is fully informed and hereby grants the motion to dismiss without prejudice.

**INTRODUCTION AND BACKGROUND**

This is an action for breach of contract, account stated and unjust enrichment initially brought in Clark County Superior Court by Plaintiff Nautilus, Inc (Nautilus), a Washington corporation with its principle place of business in Vancouver, Washington. Defendant Gately's LLC d/b/a Gately's Shopping Network (Gately's) is a Colorado limited liability corporation with its principal place of

business in Englewood, Colorado. Defendant removed the action to this court pursuant to 28 U.S.C. §1446(b) based on diversity. Defendant now moves to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(3) for improper jurisdiction, asserting the contract between the parties mandates that the claim must be litigated in Colorado.

The contractual agreement at issue was executed in Colorado while both parties were Colorado companies with their principal offices in Colorado. Nautilus, d/b/a Nautilus Health & Fitness Group (NHFG) subsequently became a Washington corporation with its principal place of business in Vancouver, Washington. Plaintiff's Complaint alleges that Gately's contracted with Nautilus to provide Gately's with fitness and strength conditioning equipment manufactured, marketed, and sold by Nautilus. Gately's retails the equipment through an internet website to customers located throughout the United States. Nautilus alleges that Gately's agreed to pay for the Nautilus products, that Nautilus fulfilled Gately's orders by shipping products, that Nautilus invoiced Gately's for these products, demanded payment of the invoices, and that Gately's has refused to pay.

The Nautilus Health & Fitness Group Authorized Dealer Agreement (Agreement) executed by the parties contains an exclusive venue provision that provides "[a]ny controversies or claims arising out of this Agreement shall be subject to the exclusive jurisdiction of the state or federal courts for Boulder County, Colorado." Agreement, ¶ 15.

Plaintiff contends that this provision of the Agreement is inapplicable, as the terms and conditions of Gately's financial obligations are governed by a "separate contract." The Agreement states at ¶ 2 that the "terms of sale for the Products shall be according to the current version of the related NHFG Terms & Conditions (Conditions) which is incorporated herein by this reference." The Agreement further provides that the "Dealer agrees to make payment for the Products in accordance with the schedule and amounts set forth in the invoices and price lists provided by NHFG, pursuant to the Conditions." Agreement, at ¶ 5. The Agreement also provides that the Dealer shall pay all amounts due in accordance with the NHFG Conditions of sale and credit policy.

Agreement, at ¶ 6. Finally, ¶ 17, of the Agreement provides that the Agreement, the Conditions and the Credit Application constitute the Entire Agreement and understanding of the parties.

The referenced Terms and Conditions (Conditions) sets forth the credit terms and financial obligation of Defendant to pay for products it orders and receives form Nautilus. The provisions of the Conditions do not contain the exclusive venue language found in the Agreement document. The language in the Conditions does however provide that the "terms and conditions, together with the NHFG Authorized Dealer Agreement [Agreement],where applicable, represent the complete agreement of the parties ..." Conditions, at ¶ 17.

**FORUM SELECTION CLAUSE**

Interpretation and enforcement of contractual forum selection clauses are procedural issues to be decided under federal law. See Manetti-Farrow, Inc. v. Gucci Am., Inc., 858 F.2d 509, 513 (9th Cir. 1988). A forum selection clause will be enforced where venue is specified with mandatory language. Docksider, Ltd. v. Sea Technology, Ltd., 875 F.2d 762, 764 (9th Cir. 1989). To be a mandatory forum selection clause, the clause must contain language that clearly designates a forum as the exclusive one. Northern California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co., 69 F.3d 1034, 1037 (9th Cir. 1995). In contesting Defendant's motion to dismiss, Plaintiff argues that its claims are governed by the Conditions contract and do not implicate the Agreement and its exclusive forum provision.

The Court disagrees. The plain language of the Agreement provides that the related NHFG Terms & Conditions (Conditions) agreement is "incorporated herein by this reference." Where a writing refers to another document, that other document becomes constructively a part of the writing, and in that respect the two form a single instrument. Kenworthy v. Bolin, 17 Wn. App. 650, 564 P.2d 835 (1977). When two or more writings are executed at the same time and involve the same transaction, they should be construed as a whole; this rule applies equally where several agreements are made as part of one transaction even though they are executed at different times.

Restatement (Second) of Contracts § 202(2) (1981).

Any controversies or claims arising out of the Agreement are be subject to the exclusive jurisdiction of the state or federal courts for Boulder County, Colorado. Accordingly, Plaintiff's claims are governed by the exclusive forum selection provision.

**ENFORCEABILITY OF VENUE CLAUSE**

The Supreme Court's decision in The Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972), set forth the applicable standard governing the enforceability of a forum selection clause. A forum selection clause is prima facie valid and should be enforced "absent some compelling and countervailing reason." Id. at 12. The party challenging the forum selection clause must "clearly show that enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching." Id. at 15. This "heavy" burden is on the party seeking to avoid the forum selection clause because any inconvenience the plaintiff would suffer by having to litigate in the contractual forum was "clearly foreseeable at the time of contracting." Id. at 18. See also, Murphy v. Schneider National, Inc., 362 F.3d 1133, 1140 (9th Cir. 2004).

The Ninth Circuit has found that a forum selection clause should be followed unless: (1) its incorporation into the contract was the result of fraud, undue influence, or overwhelming bargaining power; (2) the selected forum is so gravely difficult and inconvenient that the complaining party will for all practical purposes be deprived of its day in court; or (3) enforcement of the clause would contravene a strong public policy of the forum in which the suit is brought. Argueta, 87 F.3d at 325.

Plaintiff does not assert that the inclusion of the forum selection clause was the product of fraud or overreaching. Plaintiff simply asserts that "the Western District of Washington is by far the most convenient forum." The Court in Bremen stated that a party seeking to avoid the forum selection clause must show "not only that the balance of convenience is strongly in favor of trial" in the plaintiff's chosen forum but also that a trial in the location designated by the clause would "be so manifestly and gravely inconvenient to [the plaintiff] that it will effectively be deprived of a

meaningful day in court." Bremen, 407 U.S. at 19.

Plaintiff's argument is insufficient given this standard. The Court finds that the forum-selection clause is valid and its enforcement is reasonable.

**TRANSFER OR DISMISSAL**

Federal Rule of Civil Procedure 12(b)(3) allows a defendant to move for dismissal of the case on the basis of improper venue. See Fed. R. Civ. P. 12(b)(3); Agueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996); Abrams Shell v. Shell Oil Co., 165 F. Supp.2d 1096,1102 (C.D. Cal. 2001). The presence of a forum-selection clause is a valid basis for bringing a motion to dismiss for improper venue. Argueta, at 324. The governing law that should be applied in diversity cases where a forum-selection clause is present is federal law. Manetti-Farrow, Inc. v. Gucci. Am., Inc., 858 F.2d 509, 513 (9th Cir. 1988).

Where venue is improper, the district court has the discretion to dismiss the case under Rule 12(b)(3) or transfer the case in the interests of justice to an appropriate jurisdiction under 28 U.S.C. § 1406(a). King v. Russell, 963 F.2d 1301, 1304 (9th Cir.1992); Kawamoto v. CB Richard Ellis, Inc., 225 F. Supp.2d 1209, 1212 (D. Haw. 2002). In determining whether to transfer or dismiss a case, the court may consider: the applicable statute of limitations, the relative injustice imposed on the parties, whether the suit was filed in bad faith or for harassment, whether the plaintiff has requested or shown an interest in a transfer, and whether the chosen venue was clearly or obviously improper. See King, at 1304-05; Johnson v. Payless Drug Stores Northwest, Inc., 950 F.2d 586, 588 (9th Cir. 1992); Wood v. Santa Barbara Chamber of Commerce, 705 F.2d 1515, 1523 (9th Cir. 1983). A determination of improper venue does not go to the merits of the case and therefore must be without prejudice. In re Hall, Bayoutree Assocs., Ltd., 939 F.2d 802, 804 (9th Cir.1991).

Plaintiff has not argued for a transfer of the claim to another court, but instead has simply argued that venue is appropriate in this district. There is no indication that Plaintiff wants to pursue its claims in the Federal District of Colorado or Colorado state court. Because this Court can only

transfer the case to another federal court and Plaintiff may prefer to refile them in state court in Colorado, the Court concludes that dismissal is appropriate. Given these considerations, the Court will grant Defendant's Rule 12(b)(3) motion and dismiss this case without prejudice.

**CONCLUSION**

For the reasons set forth above Defendant's motion to dismiss will be granted.

ACCORDINGLY,

IT IS ORDERED:

Defendant's Motion to Dismiss Pursuant to Fed. R. Civ P. 12(b)(3) for Improper Venue [Dkt #4] is **GRANTED**, and this action dismissed, without prejudice.

DATED this 20th day of December, 2006.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE